# UNITED STATES DISTRICT COURT
### District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

     Plaintiff,

  v.         CASE NO.
              FILED UNDER SEAL

COLTON ALBRIGHT,
STACEY GORMAN,
██████████████,
 and
██████████████,

     Defendants.

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**CONSPIRACY TO DISTRIBUTE AND POSSESS
WITH INTENT TO DISTRIBUTE FENTANYL
[21 U.S.C. § 846]**

Beginning on or about December 1, 2022, and continuing to on or about October 4, 2023, both dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendants,

1

**COLTON ALBRIGHT,**
**STACEY GORMAN,**

████████████████**,**
**and**

████████████████**,**

knowingly and intentionally combined, conspired, and agreed with each other and with

other persons, both known and unknown to the grand jury, to distribute and possess with

intent to distribute fentanyl, a controlled substance, which included the reasonably

foreseeable conduct of other members of the conspiracy, in violation of Title 21, United

States Code, Sections 841(a)(1) and 846.

## QUANTITY OF FENTANYL INVOLVED IN THE CONSPIRACY

With respect to defendant **COLTON ALBRIGHT**, his conduct as a member of

the fentanyl conspiracy charged in Count 1, which includes the reasonably foreseeable

conduct of other members of the conspiracy, involved more than 400 grams of a mixture

and substance containing fentanyl, a controlled substance, in violation of Title 21, United

States Code, Section 841(b)(1)(A)(vi).

With respect to defendant **STACEY GORMAN**, his conduct as a member of the

fentanyl conspiracy charged in Count 1, which includes the reasonably foreseeable

conduct of other members of the conspiracy, involved more than 40 grams of a mixture

and substance containing fentanyl, a controlled substance, in violation of Title 21, United

States Code, Section 841(b)(1)(B)(vi).

With respect to defendant ████████████████, his conduct as a member of the

fentanyl conspiracy charged in Count 1, which includes the reasonably foreseeable

conduct of other members of the conspiracy, involved more than 40 grams of a mixture and substance containing fentanyl, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vi).

With respect to defendant ███████████████, his conduct as a member of the fentanyl conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy, involved a quantity of a mixture and substance containing fentanyl, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## FORFEITURE NOTICE

1.      The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2.      Upon conviction of the offense set forth in Count 1 of this Indictment, the defendants,

**COLTON ALBRIGHT,**
**STACEY GORMAN,**
,
**and**
███████████████,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or

part, to commit or to facilitate the commission of the offenses, including but not limited

to:

  a. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant.

  b. assorted ammunition from Colton Albright's home seized by the Atchison County Sheriff's Department, on October 4, 2023.

  c. $2,359 United States currency seized by the Atchison County Sheriff's Department, from Colton Albright's home on October 4, 2023.

  d. A Pink FMK 9mm handgun Serial # BV1056.

  e. A Keltec Sub-2000 handgun Serial # F3N69.

  f. A Keltec P-11 9mm handgun Serial # AN435.

  g. A Beretta APX handgun Serial # A065914X.

  h. A Sig Sauer 1911-22 handgun Serial # T141276.

  i. A KCI .40 Cal 50-Round Drum Magazine.

  j. assorted ammunition from ███████' home seized by the Atchison County Sheriff's Department, on October 4, 2023.

  k. $161 United States currency seized by the Atchison County Sheriff's Department, from ███████' home on October 4, 2023.

  l. $325 United States currency seized by the Atchison County Sheriff's Department, from ███████'s home on October 4, 2023.

  3. If any of the property described above, as a result of any act or omission of

the defendants:

  A. cannot be located upon the exercise of due diligence;

  B. has been transferred or sold to, or deposited with, a third party;

  C. has been placed beyond the jurisdiction of the court;

  D. has been substantially diminished in value; or

  E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).

4

A TRUE BILL.


August 27, 2025_____          s/Foreperson_____
DATE                          FOREPERSON OF THE GRAND JURY


RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY


By: /s/ Taylor Hines_____
Taylor Hines
Special Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Taylor.Hines@usdoj.gov
Ks. S. Ct. No. 28101

By: /s/ David Zabel_____
David Zabel
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: David.Zabel@usdoj.gov
Ks. S. Ct. No. 17887


    IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

## PENALTIES

## Count 1 (Albright): Conspiracy to distribute and possess with intent to distribute controlled substances; 21 U.S.C. § 841(a)(1) & (b)(1)(A)(vi)

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after two or more prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than twenty-five (25) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 1 (Gorman): Conspiracy to distribute and possess with intent to distribute controlled substances; 21 U.S.C. § 841(a)(1) & (b)(1)(B)(vi)

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 1 ▮▮▮▮: Conspiracy to distribute and possess with intent to distribute controlled substances; 21 U.S.C. § 841(a)(1) & (b)(1)(B)(vi)

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 1█████: Conspiracy to distribute and possess with intent to distribute controlled substances; 21 U.S.C. § 841(a)(1) & (b)(1)(C).

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than thirty (30) years.  21 U.S.C. § 841(b)(1)(C).

8

- A term of supervised release of at least six (6) years.  <u>21 U.S.C. § 841(b)(1)(C).</u>

- A fine not to exceed $2 million. <u>21 U.S.C. § 841(b)(1)(C).</u>

- A mandatory special assessment of $100.00. <u>18 U.S.C. § 3013(a)(2)(A)</u>.

- Forfeiture